IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STEPHEN CHARLES DOUGLASS, #1906088 §

VS. § CIVIL ACTION NO. 4:15cv104

WARDEN HERRERA §

MEMORANDUM OPINION AND ORDER

Petitioner, represented by counsel, filed an "Action for Writ of Habeas Corpus Ad Testificandum." In it, Petitioner asks that he be transported from the Wallace Pack Unit in Navasota, Texas, to Tyler Texas, so that he may testify in a hearing concerning bankruptcy proceedings. It appears that Petitioner improvidently filed this action under "nature of suit" 530 - a writ of habeas corpus in which state prisoners challenge the constitutionality of their convictions.

In reviewing the action, the court first notes that Petitioner invokes this court's jurisdiction pursuant to 28 U.S.C. § 2241. Section 2241 is an action challenging the method in which a sentence is being executed, *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), and must be filed in the same district in which the prisoner is incarcerated, *Lee v. Wetzel,* 244 F.3d 370, 372 (5th Cir. 2001). Petitioner is incarcerated at the Wallace Pack Unit in Navasota, Texas, in the county of Grimes. Thus, any action filed pursuant to § 2241 on Petitioner's behalf should be filed in the Southern District of Texas, Houston Division.

This action concerns a request to have Petitioner transported from prison to testify at a bankruptcy hearing; thus, it should arguably be filed in his bankruptcy cases. Petitioner claims, however, that bankruptcy courts do not issue orders for transporting prisoners for testifying at hearings. In *Hixson v. Hixson*, 252 B.R. 195 (Bankr. E.D. Okla. 2000), the petitioner was notified

1

that, should he wish to testify, he should file an Application for Writ of Habeas Corpus Ad Testificandum with the Clerk of the Bankruptcy Court. Although the petitioner failed to file such application, the bankruptcy court was presumably prepared to rule on the writ. *Id*. The court in *In re Larson*, 232 B.R. 396 (Bankr. W.D. Wis. 1999), also discussed this issue and concluded that it is not clear whether a bankruptcy court has such authority:

> Generally, prisoners who bring civil actions have no absolute right to be present at any stage of the proceedings. *Holt v. Pitts*, 619 F.2d 558 (6th Cir. 1980) (citing *Price v. Johnston*, 334 U.S. 266, 68 S. Ct. 1049, 92 L. Ed.1356 (1948)). . . . Courts have the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). . . . It is not clear whether a bankruptcy court as an adjunct of the district court has independent authority to issue such a writ.

*Id*. at 398. Notwithstanding the clarity of the bankruptcy court's authority to issue such a writ, the *Larson* court listed eight factors to be considered in determining whether a writ of habeas corpus ad testificandum should issue:

1. The costs and inconvenience of transporting the prisoner from his place of incarceration to the courtroom;

2. Any potential danger or security risks [that] the presence of the prisoner would pose to the court;

3. Whether the matter at issue is substantial;

4. The need for an early determination;

5. The possibility of delaying trial until the prisoner is released;

6. The probability of success on the merits;

7. The integrity of the correctional system; and

8. The interests of the inmate in presenting his testimony in person rather than by

2

deposition.

*Id.* at 398-99 (citing *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976)).

In the instant case, the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division, is in the best position to apply the eight factors listed above to determine whether Petitioner should be transported to testify at the hearing(s). This action should be filed in Petitioner's bankruptcy cases through the Clerk of the Bankruptcy Court. Should the Bankruptcy Court conclude that it does not have the authority to deny or grant the writ, it may certify the question to the District Court with its recommendation.

At this juncture, the court declines to grant or deny the writ as presented. This matter was improvidently filed as a 530 prisoner writ of habeas corpus case. It is accordingly

**ORDERED** that the Clerk close Civil Action No. 4:15cv104 as improvidently filed.

So **ORDERED** and **SIGNED** this **23** day of **February, 2015.**

_____
Ron Clark, United States District Judge